**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN RENE MOORE, | No. 23-55363 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04828-ODW-GJS |
| v. | |
| WELLS FARGO BANK, N.A.; U.S. MARSHALL, a US Agency; ASSET RELIANCE, INC., a California Corporation; CRAIG HANSEN, an individual, as an Agent for Wells Fargo Bank, N.A.; EDWARD D. TESTO, an individual, as an Agent for Asset Reliance, Inc.; GEORGE BARBOUR, an individual; DOES, 1 through 25, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 17, 2024**

Before: S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Moore's request for oral argument, set forth in the opening brief, is denied.

Ivan Rene Moore appeals pro se from the district court's order denying Moore's motion to vacate a vexatious litigant and prefiling order entered by the district court in 2018. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of mootness. *Nat. Res. Def. Council v. County of Los Angeles*, 840 F.3d 1098, 1102 (9th Cir. 2016). We affirm.

The district court properly denied Moore's motion to vacate the 2018 prefiling order and vexatious litigant designation because the prefiling order was not moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012) (mootness standard); *see also Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (federal courts may impose prefiling orders enjoining abusive litigants).

To the extent that Moore challenges the scope of the 2018 prefiling order, that issue has been previously litigated and decided. *See Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) ("Under the doctrine of 'law of the case,' a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

We reject as meritless Moore's contentions that his right of access to the courts was violated and that the prefiling order improperly enjoined enforcement of a state court judgment.

Moore's request for judicial notice (Docket Entry No. 6) is denied.

**AFFIRMED.**